**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4923**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WARREN BLOUNT,

        Defendant - Appellant.

_____

**No. 07-4924**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONNELL PIERCE, a/k/a Nut,

        Defendant - Appellant.

_____

Appeals from the United States District Court for the District of
Maryland, at Baltimore.  Marvin J. Garbis, Senior District Judge.
(1:03-cr-00004-MJG)

_____

Submitted:  May 30, 2008          Decided:  July 3, 2008

_____

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

————————————

Vacated and remanded by unpublished per curiam opinion.

————————————

Gary A. Ticknor, Elkridge, Maryland; G Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland, for Appellants.  Rod J. Rosenstein, United States Attorney, Steven H. Levin, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnell Pierce and Warren Blount appeal their sentences after the district court conducted resentencing pursuant to our opinion remanding the cases in light of United States v. Booker, 543 U.S. 220 (2005). On remand, the district court granted downward variances and imposed 235-month sentences.

Pierce and Blount were resentenced approximately three months before the Supreme Court decided Kimbrough v. United States, 128 S. Ct. 558 (2007), and Gall v. United States, 128 S. Ct. 586 (2007). They argue that, although the district court exercised some of its discretion to impose a downward variance sentence, it did not exercise its full discretion as announced in Gall and Kimbrough. Defendants rely on the comments of the court that it would be comfortable imposing a lower sentence, but that it was imposing the lowest sentence "under what is binding to me." They also briefly argue that, after Kimbrough, the district court was free to reject sentencing factors not based on empirical evidence or used in a manner inconsistent with the design of the sentencing guidelines. The Government argues that the complete record evidences that the district court was aware of its full discretion, by granting initial downward departures, and then downward variances on resentencing.

In Gall, the Supreme Court ruled that certain circuit courts had effectively created "an impermissible presumption of

- 3 -

unreasonableness for sentences outside the Guidelines range" and improperly applied "a heightened standard of review to sentences outside the Guidelines range." 128 S. Ct. at 595-96. Further, while an appellate presumption of reasonableness applied to a within-Guidelines sentence is appropriate, the Supreme Court noted that a district court "may not presume that the Guidelines range is reasonable." Id. at 596-97. In addition, in Kimbrough, the Supreme Court held that a district court may impose a variance sentence on the basis that, in a given case, the Guidelines range fails to properly reflect the statutory factors. 128 S. Ct. at 575.

We agree with the Defendants that the district court may have understood itself to be barred from imposing a lower variance sentence based only on its determination that the Guidelines sentence was too severe. In light of Kimbrough and Gall, the district court's understanding of its authority and discretion may have been erroneous. As the Government correctly notes, the district court was aware that it had some discretion to grant a downward variance because it granted the variance. However, the record is not clear as to whether the court would have granted a further variance if it had the benefit of Kimbrough and Gall.

Accordingly, we vacate Pierce and Blounts' sentences, and remand for resentencing. We express no opinion on the reasonableness of any particular sentence. We dispense with oral

- 4 -

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED